Nov. Term,
**1861.**

CLUSTER *v.* GIBSON and Others.

CLUSTER
v.,
GIBSON.

In a suit for partition of lands, one of the defendants filed a cross-complaint, setting up a claim of exclusive ownership in the land by purchase from the common ancestor, and making all the other parties defendants.

*Held,* that the other heirs were made by the cross-complaint adverse parties, as to the matters alleged therein, and were not competent witnesses to disprove the allegations of said cross-complaint.

APPEAL from the *Grant* Common Pleas.

*Friday,*
*December* 13.

*Per Curiam.*—*Jacob Cluster,* the ancestor of the parties to this suit, was, in his lifetime, the owner of the land in controversy, and died intestate, leaving said parties his heirs.

*Gibson* and some of the other heirs filed a complaint in the *Grant* Court of Common Pleas against *Daniel Cluster, Peter Cluster,* and other heirs, for partition.

*Daniel Cluster,* the appellant, answered, claiming title to the premises in controversy. He alleged that he had bought, paid for, and taken possession of the land. The purchase was by parol. His answer was in the nature of a cross-complaint, asking a judgment for specific performance. His interest was adverse to all the other parties to the suit. As to him, they were all defendants. One of the other heirs, *Peter,* was admitted as a witness, and swore away the claim of *Daniel.*

Appellant's counsel says:

"There are irregularities in these proceedings that we have not noticed. The matters or points relied on by us are:

"1. That the plaintiff could not proceed against unknown defendants without annexing an affidavit. 2 R. S. 1852, § 40, p. 36.

"2. That *Peter Cluster's* testimony was improperly admitted. 2 R. S. 1852, § 238, p. 80.

"3. The admissions of the ancestor, *Jacob Cluster,* after his contract with *Daniel,* should not have been admitted in evidence. 9 Ind. 323, and authorities referred to.

"4. That the evidence sustains the appellant's claim to the land in controversy; that a judgment should be rendered accordingly.

"This cause was appealed to this Court from the judgment

of partition, but the appeal was dismissed. The Court below then received the report of the commissioners, who reported that the land was not susceptible of partition. That report was confirmed, and the land ordered to be sold; from which order we have again appealed.

"We think that the judgment now rendered is the final judgment. R. S. 1852, §§ 18, 19, 20, p. 332; 11 Ind. 230."

On these points we merely remark, that there appears to have been an affidavit of non-residency, and as to the unknown heirs. As to proof of *Jacob Cluster's* admissions, see *Caldwell* v. *Williams*, 1 Ind. 405, in addition to citation of counsel, and *Tremper* v. *Barton*, 18 Ohio R. 418. On the weight of the evidence we say nothing, as we have concluded that the judgment should be reversed, on the ground of the admission of *Peter's* testimony, in order that the case may go back and be tried under the present law, on which trial *Peter* and *Daniel* will stand on an equal footing, both having a right to swear. Acts of 1861, Reg. Sess., pp. 51, 52.

The judgment is reversed, with costs. Cause remanded for further proceedings and trial.

*J. Brownlee*, for the appellant.

*Isaac Van Devanter* and *J. F. McDowell*, for the appellees.